IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH NEWKIRK, )
)
   Plaintiff, )
)
v. ) Civil Action No. 3:14CV426–HEH
)
WILLIAM SHAW, *et al.*, )
)
   Defendants. )

## MEMORANDUM OPINION
### (Dismissing With Prejudice 42 U.S.C. § 1983 Action)

Kenneth Newkirk, a Virginia inmate proceeding *pro se* submitted this 42 U.S.C. § 1983 action.[1] Newkirk has complied with the prior Memorandum Order. Upon review of Newkirk's inmate account, the partial filing fee is waived. The action is filed and Newkirk is granted leave to proceed *in forma pauperis*. (ECF No. 5.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### A. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2)

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

"fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints

containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Summary of the Complaint

On or about July 1, 2014, a jury in the Circuit Court for the City of Hampton ("Circuit Court") convicted Newkirk of first-degree murder and shooting/stabbing in commission of a felony. *See Commonwealth v. Newkirk*, Nos. CR11000878–00 and

3

CR11000878–01 (Va. Cir. Ct. July 1, 2014).[2] In a rambling and incoherent Complaint, Newkirk alleges that Judge William Shaw and defense counsel Kevin P. Sha and Carter Phillips committed various errors in his criminal prosecution. (Compl. 4, 6–7.)[3]

Newkirk demands ten billion dollars from each defendant, injunctive relief, and to have the jury's verdict set aside. (Compl. 6.) As explained below, Newkirk's Complaint will be dismissed.

C. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).

1. **Defendants Sha and Phillips**

For Defendant Sha, Newkirk states:

I fired this lawyer 4/18/14. I informed the lawyer about Judge Willliam Shaw. I told this lawyer about the recusal motion, criminal complaint. I asked this lawyer to call U.S. Attorney General or the police to have Judge William Shaw . . . arrested. Mr. Sha hung up the phone on me. I called him back and told him he was fired. On 4/22/14 after Judge William Shaw kicked me out of the courtroom, I learned that Mr. Sha had remained on the

---

[2] *See* http://www.courts.state.va.us/courts/circuit/hampton (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Hampton Circuit" from drop-down menu and follow "Begin" button; type "Newkirk, Kenneth," and then follow "Search by Name" button; then follow hyperlinks for "CR11000878–00" and "CR11000878–01").

[3] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the capitalization and spelling in quotations from Newkirk's Complaint.

case. This is a violation of *Faretta*[4] and *McKaskle*.[5] Mr. Sha also while I was in the holding cell removed my mother from the courtroom twice when the Commonwealth witness spoke. No reason for this. I did not call my mother as a witness.

(Compl. 4, 6 (emphasis added).)

For Carter Phillips, Newkirk alleges:

Judge William Shaw appointed this lawyer to my case 1st day of trial. This is ridiculous. This lawyer should've declined to take my case, asked for a continuance, and/or should've advised me not to testify. Mr. Phillips advised me not to discuss all the due process violations that I've been suffering. Listening to Mr. Phillips and Mr. Sha I received 30 years. I request an injunction against these defendants.

(Compl. 6–7.)

Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Accordingly, Newkirk's claims against Defendants Sha and Phillips will be dismissed.

### 2. Judicial Immunity

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute

---

[4] *Faretta v. California*, 422 U.S. 806 (1975).

[5] *McKaskle v. Wiggins*, 465 U.S. 168 (1984).

judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir.1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir.1995)). Judges are entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump,* 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions, "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted). Neither exception applies in this instance.

> Newkirk alleges that Defendant Shaw:
>
> Ever[ ] since Judge William Shaw been on my case he have stopped me from exercising my 1st Amendment right to address the court. The last 6 times pre-trial he had the Hampton Sheriff[']s to rush me out of the courtroom every time I started talking even on the 1st day of trial. While trying to present my motions Judge William Shaw threw me out of the courtroom. Having knowledge of law does me no good if I'm in front of a racist, bias, prejudice non-impartial judge. Judge William Shaw don't [sic] even allow me to present him with motions in court. Not only should Judge William Shaw be sued, he need to be locked up and disbarred. . . .

(Compl. 4.) Newkirk fails to allege that Defendant Shaw's conduct falls under either exception to judicial immunity. Newkirk alleges neither that Judge Shaw's actions and statements amounted to a nonjudicial action or that Defendant Shaw acted in the

complete absence of all jurisdiction. Because Defendant Shaw is entitled to judicial immunity, Newkirk's claims against Defendant Shaw will be dismissed.

Additionally, given the frivolous nature of Newkirk's claims, Newkirk states no basis for injunctive relief. *See* 28 U.S.C. § 1915A(b)(1).

### D. Conclusion

Accordingly, Newkirk's claims and the action will be dismissed with prejudice. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: August 18, 2014
Richmond, Virginia